**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAYMOND D. ARMSTRONG,

      Plaintiff-Appellant,

  v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

      Defendant-Appellee.

No.   23-35515

D.C. No. 3:22-cv-05387-TLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted October 23, 2024[**]
Portland, Oregon

Before: LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

Raymond Dean Armstrong appeals the district court's order affirming the denial of his application for Social Security benefits. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"We review de novo a district court's order affirming a denial of Social Security benefits." *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017). We may reverse a denial of benefits only when the decision is "'based on legal error or not supported by substantial evidence in the record.'" *Id.* at 654 (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

Substantial evidence supports the administrative law judge (ALJ)'s denial of benefits. The ALJ provided "specific, clear, and convincing reasons" for rejecting Armstrong's purported limitations. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). And the ALJ properly evaluated the medical evidence in the record, Armstrong's activities of daily living, and Armstrong's statements at his hearing. *See id.*; *Burch v. Barnhart*, 400 F.3d 676, 679, 681 (9th Cir. 2005); *see also Molina v. Astrue*, 674 F.3d 1104, 1113–14 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Additionally, an ALJ may discount a claimant's subjective symptoms testimony when that testimony is inconsistent with "the objective medical evidence" or the claimant's "self-reported daily activities." *Smartt*, 53 F.4th at 497.

**AFFIRMED.**